UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BROOKS L. MAULDIN,

     Plaintiff,

                                       Case No. 12-10114

v.

                                       Honorable Patrick J. Duggan

JANET NAPOLITANO, Secretary, United
States Department of Homeland Security,

     Defendant.

_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 12, 2012.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

On January 10, 2012, Brooks Mauldin ("Plaintiff") filed this *pro se* action, alleging

that his employment was terminated in retaliation for having engaged in equal employment

opportunity activity, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"),

42 U.S.C. § 2000e *et seq.*  The defendant is Janet Napolitano, Secretary of the United

States Department of Homeland Security ("Defendant").  Several motions are currently

pending before the Court, including: (1) Plaintiff's motion for recusal; (2) Defendant's

motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6); and

(3) Plaintiff's motion for leave to file an Amended Complaint.  On June 22, 2012, the

Court indicated to the parties that it was dispensing with oral argument pursuant to Eastern

District of Michigan Local Rule 7.1(f)(2).  For reasons set forth below, the Court denies

Plaintiff's motion for recusal and motion for leave to amend.  The Court also grants

Defendant's motion to dismiss.

## I. Background

At all times relevant to this lawsuit, Plaintiff worked as a security officer for the

Transportation Security Administration ("TSA") at Detroit Metropolitan Wayne County

Airport.  Plaintiff alleges that between November 2007 and March 2010, he engaged in

equal employment opportunity activity, the nature of which is not entirely clear from the

Complaint.  Plaintiff alleges that Transportation Security Manager Idell Foster and

Assistant Federal Security Director Steve Lorincz were aware of his equal employment

opportunity activity.  Plaintiff further asserts that on March 3, 2010, Foster proposed to

remove Plaintiff from federal service.  Compl. at 1.  On March 10, 2010, Lorincz

terminated Plaintiff's employment with the TSA.  *Id.*

Plaintiff filed an administrative claim with the Equal Employment Opportunity

Commission ("EEOC") challenging his termination.[1]  On May 18, 2011, however,

Plaintiff withdrew this claim before the administrative proceedings were completed.

Administrative Judge David Treeter issued an order of dismissal dated May 23, 2011.  A

certificate of service indicates that the order of dismissal was mailed to Plaintiff on May

24, 2011.

Plaintiff filed this action on January 10, 2012.  He subsequently filed a motion for

---

[1] This claim was designated EEOC No. 470-2010-00160X.

recusal.  Defendant filed a motion to dismiss the Complaint on April 16, 2012.  Plaintiff

responded to the motion to dismiss, and has also filed a motion for leave to amend the

Complaint.  The Court shall address each of these motions in turn.

## II. Motion for Recusal

"Any justice, judge, or magistrate of the United States shall disqualify himself in any

proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).

In his motion for recusal, Plaintiff states that he believes this Court may have been an

"advisor" in a previous case he had filed in the Eastern District of Michigan, *Mauldin v.*

*Secretary of Homeland Security*, No. 10-12826.  Plaintiff's previous case was not assigned

to this Court, and was dismissed pursuant to an order issued by District Judge Marianne O.

Battani on July 26, 2011.  While Plaintiff has apparently been a prolific litigator in the

Eastern District of Michigan,[2] this Court has not been assigned to any of his previous cases

and has not issued any orders with respect to those cases.  Plaintiff not set forth any other

reason for questioning this Court's impartiality.  The Court accordingly denies his motion

for recusal.

## III. Defendant's Motion to Dismiss

### A. Standard of Review

---

[2] Plaintiff has filed ten previous suits in the Eastern District of Michigan arising directly
or indirectly from his employment at the TSA.  *See Mauldin v. U.S. Dep't of Justice*, Case
No. 12-10115; *Mauldin v. Sec'y of Homeland Sec.*, Case No. 10-12826; *Mauldin v. Sec'y
of Dep't of Homeland Sec.*, Case No. 09-10275; *Mauldin v. Dep't of Homeland Sec.*, Case
No. 09-10245; *Mauldin v. Dep't of Homeland Sec.*, Case No. 08-15299; *Mauldin v. Dep't
of Homeland Sec.*, Case No. 08-15174; *Mauldin v. Sec'y of Dep't of Homeland Sec.*, Case
No. 08-15078; *Mauldin v. Dep't of Homeland Sec.*, Case No. 08-14361; *Mauldin v.
Chertoff*, Case No. 08-14063; *Mauldin v. Gendreau*, Case No. 08-13486.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Supreme Court recently provided in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65). Ultimately, "[d]etermining whether a complaint states a

4

plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679, 129 S. Ct. at 1950. In conducting this analysis, the Court may consider the pleadings, exhibits attached thereto, and documents referred to in the complaint that are central to the plaintiff's claims. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

## B. Application

Defendant argues that Plaintiff has failed to comply with Title VII's administrative exhaustion requirements. "In permitting federal employees to sue under Title VII, Congress conditioned the government's waiver of sovereign immunity upon a plaintiff's satisfaction of 'rigorous administrative exhaustion requirements and time limitations.'" *McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002) (quoting *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 833, 96 S. Ct. 1961, 1968 (1976)). These requirements are set forth in 29 C.F.R. § 1614.101 *et seq. See Eneje v. Ashcroft*, 67 F. App'x 901, 904-05 (6th Cir. 2003).

According to the regulations, a complainant filing an individual complaint must file his civil action in the district court "[w]ithin 90 days of receipt of the final action on an individual or class complaint," unless an appeal has been filed. 29 C.F.R. § 1614.407(a). Here, the notice of dismissal regarding Plaintiff's administrative claim was mailed on May 24, 2011.[3] Such notice is presumed to have been received within five days after mailing.

---

[3] Although the notice of dismissal was not attached to the Complaint, it is nonetheless central to Plaintiff's claim because he was required to pursue administrative remedies as a prerequisite to filing a civil action. The dismissal notice is therefore properly considered by the Court in the context of a Rule 12(b)(6) motion.

*Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir.

2000) (citing *Banks v. Rockwell Intern. N. Am. Aircraft Operations*, 855 F.2d 324, 325-27

(6th Cir. 1988); *Cook v. Providence Hosp.*, 820 F.2d 176, 179 n.3 (6th Cir. 1987); *Hunter

v. Stephenson Roofing, Inc.*, 790 F.2d 472, 474-75 (6th Cir. 1986)).  The Court therefore

presumes that Plaintiff received the notice of dismissal on May 31, 2011.[4]  The dismissal

order became the final action of the agency forty days later, on July 11, 2011.[5]  *See* 29

C.F.R. § 1614.109(i).  The ninety-day limitations period began running on this date and

expired on October 10, 2011.  Plaintiff filed this action on January 10, 2012, three months

after the limitations period expired.

 "The federal courts have strictly enforced Title VII's ninety-day statutory limit."

*Graham-Humphreys*, 209 F.3d at 557.  "Procedural requirements established by Congress

for gaining access to the federal courts are not to be disregarded by courts out of a vague

sympathy for particular litigants."  *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147,

152, 104 S. Ct. 1723, 1726 (1984).  The Court therefore concludes that Plaintiff's untimely

action must be dismissed.

 The Court is mindful that Title VII's ninety-day limitations period is subject to

equitable tolling in some circumstances.  *Graham-Humphreys*, 209 F.3d at 560 (citing

*Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S. Ct. 1127, 1132 (1982)).

---

[4] The presumed five-day notice period would indicate receipt on May 29, 2011, but that day was a Sunday and the following day was a federal holiday.  Thus, two days are added to the period.  *See* Fed. R. Civ. P. 6(a)(1)(C).

[5] Two days are added to this period because the forty-day period would otherwise expire on July 9, 2011, which was a Saturday.

Equitable tolling, however, is employed "sparingly" by federal courts. *Id.* "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* (citing *Baldwin Cnty.*, 466 U.S. at 151, 104 S. Ct. at 1726). "[F]ailure to satisfy a deadline caused by 'garden variety neglect' cannot be excused by equitable tolling." *Id.* at 561 (quoting *Johnson v. United States Postal Serv.*, 64 F.3d 233, 238 (6th Cir. 1995)). Absent "compelling equitable considerations," a court should not extend the limitations period "by even a single day." *Id.* The Sixth Circuit has set forth the following factors for courts to consider in determining whether equitable tolling is appropriate:

> "1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement."

*Id.* (quoting *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)). This list is not comprehensive, and "the propriety of equitable tolling must necessarily be determined on a case-by-case basis." *Id.* (quoting *Truitt*, 148 F.3d at 648).

The Court concludes that equitable tolling would be improper here. There is no indication that Plaintiff's failure to file his action within the limitations period resulted from circumstances beyond his control. As Defendant correctly notes, Plaintiff is well-acquainted with the process of filing claims with the EEOC and this Court, having filed several such claims in the recent past. In response to Defendant's argument, Plaintiff asserts (without supporting authority) that the statute of limitations provides him with two years in which to file his lawsuit. *See* Pl.'s Resp. Br. at 1. Plaintiff has not presented any

7

facts demonstrating that he attempted to diligently pursue his rights after withdrawing his administrative claim. It seems instead that he simply neglected the deadline for filing suit. This case does not present the sort of "compelling equitable considerations" that would justify equitable tolling. The Court concludes that Plaintiff's claim is time-barred.

## IV. Plaintiff's Motion to Amend

On June 4, 2012, Plaintiff moved to amend his Complaint. Rule 15(a)(1) provides that a party may amend a pleading once as a matter of course within twenty-one days after service of the pleading, a responsive pleading, or a motion under Rule 12(b), (e), or (f). Plaintiff did not move for leave to amend within this time frame, as the Complaint was filed on January 10, 2012 and Defendant filed her motion to dismiss on April 16, 2012. Thus, Plaintiff may amend only with the consent of the opposing party or leave of the Court. *See* Fed. R. Civ. P. 15(a)(2). Defendant has indicated in response to the motion that she does not consent to amendment.

The Court has discretion in granting leave to amend. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject for relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* at 182, 83 S. Ct. at 230. Absent any apparent or declared reason, such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment, leave to amend should be freely given. *Id.* at 182, 83 S. Ct. at 230. Defendant argues that the proposed amendment is futile. "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d

8

803, 817 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)).

In his proposed Amended Complaint, Plaintiff does not address his failure to timely file this suit after exhausting administrative remedies. Instead, he raises new allegations of fraud, conspiracy, and violation of the Fourteenth Amendment. Thus, his untimely Title VII claim still fails as a matter of law.

The Court also considers the new claims raised in the proposed Amended Complaint, and concludes that they would not survive a motion to dismiss. Plaintiff first alleges that Lorincz and Foster committed fraud by preventing him from receiving unemployment benefits. This allegation is plainly insufficient to state a claim for relief under the Federal Rules. Rule 9(b) provides that fraud must be pleaded with particularity. To satisfy this requirement, the Sixth Circuit "requir[es] a plaintiff, at a minimum, 'to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993) (quoting *Ballan v. Upjohn Co.*, 814 F. Supp. 1375, 1385 (W.D. Mich. 1992)). Interpreting Plaintiff's allegations liberally, they seem to imply that false statements were made to the authorities that provide unemployment benefits. This claim is completely lacking in specificity, but it is also unclear how Plaintiff relied upon the allegedly false statements to his detriment. Plaintiff believes that he was improperly denied unemployment benefits, but this would not constitute fraud.

The proposed Amended Complaint also raises a claim of conspiracy, presumably

based on Plaintiff's termination or the subsequent denial of his unemployment benefits. This claim is barred by the intra-corporate conspiracy doctrine. The Sixth Circuit recently addressed this doctrine in *Upton v. City of Royal Oak*, a case in which a firefighter brought a civil conspiracy claim against several employees of a municipality. No. 10-2304, 2012 U.S. App. LEXIS 9724 (6th Cir. May 11, 2012). The court approvingly cited the following discussion of the intra-corporate conspiracy doctrine from the district court's opinion:

> [T]he intra-corporate conspiracy doctrine . . . provides that a corporation cannot conspire with its own agents or employees. *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 339 (6th Cir. 1984). Where all of the defendants are members of the same collective entity, the law does not recognize the existence of two separate "people" to form a conspiracy. *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 510 (6th Cir. 1991) (applying intra-conspiracy doctrine to a school district superintendent, the executive director of the district, and a school administrator, all of whom were employees or agents of the Board).

*Id.* at *38. The court determined that the district court did not err in dismissing the plaintiff's civil conspiracy claim, as the defendants all worked as employees or agents of the municipality and therefore could not conspire with one another. *Id.* at *39. Here, the only individuals who are alleged to have conspired against Plaintiff were employees of the Department of Homeland Security. There are no allegations indicating that these persons acted outside their employment capacity. Thus, they could not form a conspiracy, and Plaintiff's claim is futile. *See Hull*, 926 F.2d at 510.

Plaintiff's proposed Amended Complaint also raises a claim under the Fourteenth Amendment to the United States Constitution. Interpreting the proposed Amended Complaint generously, the Court presumes that Plaintiff alleges the deprivation of a protected property interest through termination of government employment. Although

courts have recognized such an interest, *see Paul v. Davis*, 424 U.S. 693, 701, 96 S. Ct. 1155, 1161 (1976), it is also clear that the protection of this interest is not absolute. The government may terminate an employee so long as due process is provided. *See Buckner v. Highland Park*, 901 F.2d 491, 494 (6th Cir. 1990). The proposed Amended Complaint provides little information about the process employed by Defendant. It merely indicates that Foster proposed a letter of removal and Lorincz terminated Plaintiff's employment soon afterward. Plaintiff does not explain how this is inadequate. Nor does he allege facts from which the Court could infer that he was deprived of an opportunity to contest the decision. Plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Plaintiff's allegations do not necessarily indicate a violation of due process rights. The Court finds that Plaintiff's Fourteenth Amendment claim does not satisfy the pleading standard of Rule 8. The proposed amendment would be futile, and the Court concludes that leave to amend should be denied.


### V. Conclusion

For the reasons set forth above, the Court concludes that Plaintiff has failed to raise grounds supporting his motion for recusal. Dismissal of the Complaint is appropriate because Plaintiff's Title VII claim is untimely and equitable tolling of the limitations period is not justified. The Court has also considered the proposed Amended Complaint, but finds that it does not cure these deficiencies or state any other plausible claim for relief.

11

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for recusal is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to amend is

**DENIED**;

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss this action

pursuant to Federal Rule of Civil Procedure 12(b)(6) is **GRANTED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Brooks L. Mauldin
P.O. Box 1673
Jackson, MI 49204

Andrew J. Lievense, A.U.S.A.